\*\*Original filed 6/7/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY R.M. MOUTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DAVID L. RUNNELS, Warden ) <br> ) <br> Respondent. ) <br> ) | No. C 03-5691 JF (PR) <br><br> ORDER DENYING <br> CERTIFICATE OF <br> APPEALABILITY |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 17, 2006, the Court denied the instant petition on the merits. The Court entered judgment in favor of Respondent on May 22, 2006. On June 2, 2006, Petitioner filed a notice of appeal. The Court construes the notice of appeal as a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). The Court will deny the certificate of appealability.

## DISCUSSION

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of

1  probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall
2  grant a certificate of appealability "only if the applicant has made a substantial showing
3  of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must
4  indicate which issues satisfy this standard. Id. § 2253(c)(3).

5  "Where a district court has rejected the constitutional claims on the merits, the
6  showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate
7  that reasonable jurists would find the district court's assessment of the constitutional
8  claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

9  Except for substituting the word "constitutional" for the word "federal," section
10 2253(c)(2) codified the standard announced by the United States Supreme Court in
11 Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 120 S. Ct. at 1603. In
12 Barefoot, the Court explained that "a substantial showing of the denial of [a] federal
13 right" means that a petitioner "must demonstrate that the issues are debatable among
14 jurists of reason; that a court could resolve the issues [in a different manner], or that the
15 questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S.
16 at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts
17 about whether the Barefoot standard has been met must be resolved in petitioner's favor.
18 Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

19 The Court denied the instant habeas petition after careful consideration of the
20 merits. The Court found no violation of Petitioner's federal constitutional rights in the
21 underlying state court proceedings. Petitioner has failed to demonstrate that jurists of
22 reason would find it debatable whether this Court was correct in its ruling. Accordingly,
23 the Court DENIES the certificate of appealability. The Clerk shall transmit the file,
24 including a copy of this order, to the Court of Appeals. Petitioner may then ask the Court
25 of Appeals to issue the certificate. See Fed. R. App. P. 22(b).

26     IT IS SO ORDERED.
27 DATED:  6/7/06

   JEREMY FOGEL
28     United States District Judge

Order Denying Certificate of Appealability
P:\pro-se\sj.jf\hc.03\Mouton691coaden

1  This is to certify that a copy of this ruling was mailed to the following:

2

3  Randy R.M. Mouton
   P-75130
   CA State Prison - Corcoran
4  P.O. Box 3466
   Corcoran, CA  93212-3466

5

6

7  David H. Rose
   California Attorney General's Office
   455 Golden Gate Avenue
8  Suite 11000
   San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Certificate of Appealability
P:\pro-se\sj.jf\hc.03\Mouton691coaden